UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                                           |   |                                  |
|-----------------------------------------------------------|---|----------------------------------|
| DANIEL A. CAPODILUPO,                                     | ) |                                  |
|                                                           | ) |                                  |
| Plaintiff,                                                | ) |                                  |
|                                                           | ) |                                  |
| v.                                                        | ) | Civil Action No. 1:18-CV-11080-LTS |
|                                                           | ) |                                  |
| SOUTH SHORE VOCATIONAL TECHNICAL HIGH SCHOOL,             | ) |                                  |
|                                                           | ) |                                  |
| Defendant.                                                | ) |                                  |

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT (DOC. NO. 14) AND MOTION TO DISMISS (DOC. NO. 16)

November 28, 2018

SOROKIN, J.

Plaintiff Daniel Capodilupo brought suit against Defendant South Shore Vocational Technical High School ("South Shore") in Superior Court on March 29, 2018. On May 15, 2018, Mr. Capodilupo, then acting *pro se*, filed a First Amended Complaint, which for the first time included a claim under the United States Constitution. South Shore promptly removed the case to federal court.

Mr. Capodilupo, now represented by counsel, has moved for leave to file a Second Amended Complaint, which "[d]eletes approximately twelve pages of legal memoranda," "[o]mits claims for personal injury," "[p]rovides the Court with a clear and concise statement of facts," and "[i]s paginated and presents all factual and legal conclusions in numbered paragraphs." Doc. No. 14 at 1-2. South Shore opposes the motion on futility grounds, as it argues the Second Amended Complaint fails to state a claim for which relief may be granted. Doc. No. 18 at 1. However, Rule 15 states that a "court should freely give leave [to amend]

when justice so requires." Fed. R. Civ. P. 15(a)(2).  Here, the Second Amended Complaint streamlines the claims and brings the complaint into conformity with the governing pleading rules.  The motion for leave to file a second amended complaint, Doc. No. 14, is therefore ALLOWED WITHOUT PREJUDICE to the Court evaluating the futility arguments defendant advances.  Accordingly, the Court adopts the Plaintiff's Second Amended Complaint, Doc. No. 14-1, as the operative complaint.

South Shore also filed a motion to dismiss the First Amended Complaint.  Because the claims presented in the Second Amended Complaint are substantially similar to those presented in the First Amended Complaint, the Court considers South Shore's motion to dismiss as relating to the Second Amended Complaint.  The Court also considers the grounds advanced by South Shore in its opposition to the motion for leave to file a second amended complaint in deciding the pending motion to dismiss.  For the reasons that follow, South Shore's motion to dismiss is ALLOWED as to Count III of the Second Amended Complaint.

I.  FACTS[1]

Mr. Capodilupo lives in Hanover, Massachusetts, in a home which abuts South Shore. Doc. No. 14-1 ¶¶ 1, 5. South Shore, a public school, operates "dozens of school buses on-site on a daily basis."  Id. ¶¶ 2, 6.  These buses are "equipped with a safety device known in the industry as a 'Back-up beeper.'"  Id. ¶ 9.  When a bus moves in reverse, this device emits "a loud, repetitive beeping sound" in order to "alert anyone in the general vicinity that the bus is moving in reverse."  Id. ¶ 10.  The noise emitted by the device is "unusually loud and noxious," and is "intended to be loud [and] unpleasant."  Id. ¶¶ 11-12.

---

[1] As the Court adopts the Second Amended Complaint as the operative pleading, all facts in this section are those asserted by Mr. Capodilupo in the Second Amended Complaint, Doc. No. 14-1.

2

The noise emitted by the back-up beepers only became an issue for Mr. Capodilupo in the 2017-2018 school year. Prior to that year, the buses were parked on a portion of South Shore's property which was farther away from Mr. Capodilupo's home. Importantly, when the buses were parked in that area, the drivers were able "to enter the lot, turn counter-clockwise while moving forward, and park the buses in such a manner that they were never required to shift into reverse." Id. ¶ 7. Beginning in the 2017-18 school year, however, "the buses were moved to a lot that is immediately behind, and abutting, [Mr. Capodilupo's] property." Id. ¶ 8. "As a result, the buses are now required to back-up into their parking spots." Id. As a result, when the buses are being operated, the noise emitted by the devices "is continuous for at least fifteen-twenty minutes and sometimes for as long as thirty minutes." Id. ¶ 24.

From these allegations, Plaintiff's Second Amended Complaint asserts three claims: (1) violation of Article 97 of the Massachusetts Constitution, (2) common law nuisance, and (3) a violation of the Fifth and Fourteenth Amendments of the United States Constitution arising from an uncompensated taking. Id. ¶¶ 30-39. Count III, the takings claim, provides the sole basis for federal subject-matter jurisdiction.

II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to

sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988) (internal quotation marks omitted).

III. DISCUSSION

Supreme Court caselaw has "long established that mere diminution in the value of property, however serious, is insufficient to demonstrate a taking." Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California, 508 U.S. 602, 645 (1993) (citing Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 384 (1926); Hadacheck v. Sebastian, 239 U.S. 394, 405 (1915)). See also Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 131 (1978) ("[D]ecisions sustaining other land-use regulations, which, like the New York City law, are reasonably related to the promotion of the general welfare, uniformly reject the proposition that diminution in property value, standing alone, can establish a 'taking.'"). Additionally, the First Circuit has noted that "[w]hatever else can be said about the law of takings, government action which interferes with the value of land only by making it less desirable for its present uses does not effect a taking." Ortega Cabrera v. Municipality of Bayamon, 562 F.2d 91, 101 (1st Cir. 1977).

In support of his takings claim, Mr. Capodilupo asserts that South Shore "has created noise pollution that substantially interferes with [his] use and enjoyment of his property and has substantially reduced the fair market value of his property." Doc. No. 14-1 ¶ 38. He also asserts that he "has suffered and continues to suffer harm including but not limited to the substantial diminution of the fair market value of his property." Id. ¶ 39. The diminution in fair market value of Mr. Capodilupo's property does not alone constitute a taking. Concrete Pipe, 508 U.S. at 645.

4

In his opposition to the motion to dismiss, Mr. Capodilupo argues that "[t]akings claims that allege 'special inconvenience and discomfort not experienced by the public at large' or a private nuisance, [are] compensable." Doc. No. 19 at 11 (quoting Richards v. Washington Terminal Co., 233 U.S. 546, 555-57 (1914). However, Richards involved a case where railroad tunnel smoke and gases were emptied directly onto plaintiff's property through a single portal, creating "special and peculiar damage to the plaintiff." Id. at 556. The harm Mr. Capodilupo alleges in his complaint is not focused particularly on his property as was the case Richards. By Mr. Capodilupo's own account, "Back-up beepers can be heard by the human ear for a distance up to 1.9 miles." Doc. No. 14-1 ¶ 18. Accordingly, the noise from the school buses affects the entire surrounding community during the times the buses are operating including, not just Mr. Capodilupo's home, but other nearby homes.

Though the noise from the back-up beepers may be unpleasant, it "interferes with the value of [Mr. Capodilupo's] land only by making it less desirable for its present uses," not by preventing the use of the land altogether. Ortega Cabrera, 562 F.2d at 101. Because the alleged diminution in value of Mr. Capodilupo's property may not itself constitute a taking, Mr. Capodilupo has failed to allege sufficient facts to plausibly plead a claim for relief on Count III. Accordingly, South Shore's motion to dismiss is ALLOWED as to Count III.

Because Count III is the sole basis for federal jurisdiction, the Court declines to reach the merits of the motion to dismiss on Counts I and II, and REMANDS the case to state court.

IV. CONCLUSION

Plaintiff's motion for leave to file a second amended complaint (Doc. No. 14) is ALLOWED. Defendant's motion to dismiss (Doc. No. 16) is ALLOWED as to Count III of the Second Amended Complaint. The Clerk shall enter judgment dismissing Count III of the Second

Amended Complaint.  The case is hereby REMANDED to Plymouth County Superior Court.  Defendant's challenge to the viability of Counts I and II remains pending for consideration by the Superior Court.

                                       SO ORDERED.


                                        /s/ Leo T. Sorokin
                                       Leo T. Sorokin
                                       United States District Judge